# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**PERCY BROWN**                                                              **PETITIONER**

**v.**                                                         **CIVIL ACTION NO. 3:11CV-P173-S**

**BELTERRA CASINO RESORT & SPA**
**DIRECTOR OF SECURITY**                                                    **RESPONDENTS**

## MEMORANDUM OPINION

Petitioner Percy Brown, *pro se*, initiated this action by filing a petition for writ of mandamus, in which he requests the Court to order Respondents to turn over all exculpatory evidence to him. He states that he has two criminal cases pending in Jefferson County and a criminal case pending in this Court, Criminal Action Number 3:10CR-101-S. Petitioner states that Respondents are in possession of exculpatory evidence that can prove his innocence in the pending criminal cases.

It is axiomatic that federal district courts are courts of limited jurisdiction. "As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Under Fed. R. Civ. P. 81(b), the writ of mandamus has been abolished. "Relief previously available through [writs of mandamus] may be obtained by appropriate action or motion under these rules." Fed. R. Civ. P. 81(b). "[U]nder 28 U.S.C. § 1651 (All Writs Statute) federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus." *See Haggard v. State of Tennessee*, 421 F.2d 1384, 1385 (6th Cir. 1970). However, "[i]t is settled that a federal court has no general jurisdiction to

issue writs of mandamus where that is the only relief sought." *Id.* at 1386.  Such is the case here. Plaintiff seeks only mandamus relief.  "In the absence of special statutory authority[, a federal court] can issue writs of mandamus only as ancillary to and in aid of jurisdiction otherwise vested in it." *Id*.  While 28 U.S.C. § 1361 gives the district courts "original jurisdiction of any action in the nature of mandamus to compel an **officer or employee of the United States or any agency thereof** to perform a duty owed to the plaintiff" (emphasis added), Plaintiff asks this Court to compel the Belterra Casino Resort & Spa and its Director of Security to perform an act. These are private entities and not officers, employees, or agencies of the United States.

As Petitioner failed to demonstrate this Court's subject-matter jurisdiction, the instant action will be dismissed by separate Order.

Date:

cc: Petitioner, *pro se*
4411.010

2